UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHELE J.[1],

        Plaintiff,

    v.                                                                    1:21-CV-189 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

## DECISION AND ORDER

    Plaintiff Michele J. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision made by the Commissioner of the Social Security Administration finding that she was not disabled.  Dkt. 1.  Plaintiff moved for judgment on the pleadings.  Dkt. 7.  The Commissioner responded and cross-moved for judgment on the pleadings.  Dkt. 10. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross motion.

_____

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Supplemental Security Income ("SSI") filed on April 13, 2018. Tr. 83.[2] Plaintiff's application was initially denied, and she requested a hearing before an administrative law judge ("ALJ"). Tr. 45-68. Following the hearing, ALJ Roxanne Fuller issued a decision finding that Plaintiff was not disabled. Tr. 8-27. Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action. Tr. 1-7; Dkt. 1.

## LEGAL STANDARDS

### I.   District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard

---

[2] The filing at Dkt. 6 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 6 are hereby denoted "Tr. __."

of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis for doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.   **Disability Determination**

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. *Id.* § 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. *Id.* § 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 416.920(d).  If such criteria are met, then the claimant is declared disabled.  *Id.* § 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis.  The ALJ must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments.  *Id.* § 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work.  20 C.F.R. § 416.920(f).  If the claimant is capable of performing past relevant work, then the claimant is not disabled.  *Id.* § 416.960(b)(3).  If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step.  *Id.* § 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her or his RFC, age, education, and work experience.  20 C.F.R. § 416.960(c).  Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given her or his

RFC, age, education, and work experience. 20 C.F.R. §§ 416.920(g), 416.960(c); *see*

*Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I.   The ALJ's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful

activity since filing her application on April 13, 2018. Tr. 13. The ALJ found that

Plaintiff suffered from the following severe impairments: degenerative disc disease,

fibromyalgia, sleep apnea, and depression. *Id.* The ALJ concluded that Plaintiff's

severe impairments did not meet or medically equal one of the listed impairments

in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 14.

The ALJ determined that Plaintiff had the RFC to perform sedentary work as

defined in 20 C.F.R. § 416.967(a), with the following limitations:

> occasional climb ramps or stairs; never climb ladders, ropes, or
> scaffolds; occasional kneel, crouch, crawl; occasional exposure to
> moving mechanical parts; occasional operating a motor vehicle;
> occasional exposure to unprotected heights; able to perform
> routine and repetitive tasks; only occasional interaction with the
> public.

Tr. 16.[3]

---

[3] Sedentary work involves:

> lifting no more than 10 pounds at a time and occasionally lifting or
> carrying articles like docket files, ledgers, and small tools. Although a
> sedentary job is defined as one which involves sitting, a certain amount
> of walking and standing is often necessary in carrying out job duties.
> Jobs are sedentary if walking and standing are required occasionally
> and other sedentary criteria are met.

20 C.F.R. § 416.967(a).

The ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 22. The ALJ concluded that Plaintiff was not disabled because her age, education, work experience, and RFC allowed her to perform jobs existing in significant numbers in the national economy. Tr. 22-23. The ALJ concluded that Plaintiff had not been under a disability since her application date of April 13, 2018. Tr. 23.

## II.   Plaintiff's Arguments

Plaintiff argues that the physical RFC is unsupported by substantial evidence because it was not supported by a medical opinion. Dkt. 7 at 7-9. Next, Plaintiff argues that the ALJ failed to apply properly the regulatory factors in evaluating the opinion of Rosalind Sulalman, M.D. *Id.* at 9-11. Lastly, Plaintiff argues that the ALJ failed to incorporate the mild-to-moderate mental limitations provided by consultative examiner, Steven Farmer, Psy.D., despite finding his opinion persuasive. *Id.* at 11-13.

## III.   Analysis

### A. RFC Determination

Plaintiff argues that the physical RFC cannot be supported by substantial evidence because the ALJ "did not support [the] physical RFC with any of the physical opinion evidence, an error requiring remand." Dkt. 7 at 8.

In general, a plaintiff's RFC is the most she can do despite her limitations. 20 C.F.R. § 416.945(a)(1). An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ. *Id.* § 416.945(a)(1) ("We

6

will assess your residual functional capacity based on all the relevant evidence in your case record."), *see id.* § 416.946(c) ("the administrative law judge or the administrative appeals judge at the Appeals Council . . . is responsible for assessing your residual functional capacity").  Additionally, the regulations direct an ALJ not to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources." *Id.* § 416.920c.

The Second Circuit has held that "the ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence." *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022); *see Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (where "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required"); *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole.").  Therefore, the ALJ did not commit legal error in formulating an RFC absent direct support from a medical opinion.

### B. Medical Opinion Evidence

Plaintiff argues that the ALJ failed to evaluate properly the medical opinions provided by Drs. Sulalman and Farmer.  Dkt. 7 at 9-13.  Specifically, Plaintiff

argues that the ALJ failed to consider whether Dr. Sulalman's opinion was supported by her treatment notes and consistent with other medical opinion evidence. *Id.* at 10. Plaintiff further argues that the ALJ failed to incorporate specific limitations provided by Dr. Farmer despite finding his opinion persuasive. *Id.* at 11.

Under 20 C.F.R. § 416.920c, the ALJ must articulate how he or she considered certain factors in assessing medical opinions and prior administrative findings. *See* 20 C.F.R. § 416.920c(a)-(c).[4] The regulatory factors are: (1) supportability, (2) consistency, (3) relationship with the claimant (which has five sub-factors of its own to consider), (4) specialization, and (5) other factors. *Id.* § 416.920c(c). An ALJ must explain his or her approach with respect to the first two factors when considering a medical opinion, but need not expound on the remaining three. *Id.* § 416.920c(b).

### i. Dr. Sulalman

Dr. Sulalman completed a fibromyalgia RFC questionnaire. Tr. 762-767. When asked to what degree Plaintiff could tolerate work stress, Dr. Sulalman checked, "incapable of even 'low stress' jobs." Tr. 763. When asked how many city blocks Plaintiff could walk without rest or severe pain, Dr. Sulalman wrote "0." *Id.* The doctor indicated that Plaintiff could: sit for 20 minutes at one time, stand for 10

---

[4] A prior administrative medical finding is a finding, other than the ultimate determination about whether a plaintiff is disabled, about a medical issue made by the SSA's Federal and State agency medical and psychological consultants at a prior level of review in a plaintiff's current claim based on their review of the evidence in plaintiff's case record. 20 C.F.R. § 416.913(a)(5).

minutes at one time, sit for less than two hours in a day, and stand/walk for less than two hours in a day. Tr. 764. When asked if Plaintiff needed to include periods of "walking around" during an 8-hour day, Dr. Sulalman indicated that she would need to walk for two minutes every 30 minutes. *Id.* Dr. Sulalman indicated that Plaintiff needed to: shift positions at will, use a cane, take unscheduled breaks, and elevate her legs 50% of the workday. *Id.*

Dr. Sulalman opined that Plaintiff could: occasionally lift and carry less than ten pounds; occasionally climb stairs; never climb ladders; and rarely twist, stoop, or crouch. Tr. 765. She opined that Plaintiff could: rarely look down; occasionally turn her heard left, right, and look up; and frequently hold her head in a static position. *Id.* She opined that Plaintiff could grasp 5% of the workday, perform fine manipulation 10% of the workday, and reach 1% of the workday. *Id.* Dr. Sulalman indicated that Plaintiff had moderate limitations in the areas of activities of daily living and maintaining social functioning, and extreme limitation in the area of concentration, persistence, or pace. Tr. 766.

The ALJ found Dr. Sulalman's opinion "not persuasive." Tr. 21. Plaintiff argues that the ALJ did not consider whether Dr. Sulalman's opinion was supported by her own treatment notes, the record as a whole, and further failed to consider whether her opinion was consistent with other opinion evidence. Dkt. 7 at 10. Plaintiff's argument is undermined by the ALJ's written decision.

The ALJ acknowledged that Dr. Sulalman supported her opinion by referencing Plaintiff's abnormal symptoms, including fatigue, difficulty walking, muscle pain and tenderness, and trigger points. Tr. 21.

The ALJ articulated her reasons for finding the doctor's opinion inconsistent with the record. Tr. 21. For instance, the medical record showed full (5/5) strength in her upper and lower extremities, and her muscle tone and bulk were normal. *Id.* The ALJ also considered evidence that Plaintiff displayed uniformly normal grip strength, intact hand and finger dexterity, and full range of motion in her extremities. *Id.* Lastly, the ALJ relied on evidence that showed that Plaintiff's memory, attention, and concentration were consistently intact (with the "ability to attend and maintain focus"), and she always exhibited linear and goal-directed thoughts. *Id.* The ALJ further found Dr. Sulalman's opinion inconsistent with Plaintiff's daily activities, including self-care, shopping, preparing simple meals daily, reading, and visiting with friends and family every week. *Id.*

Here, the ALJ specifically cited to Dr. Sulalman's treatment records in her evaluation of her opinion. Tr. 21. The ALJ concluded, in part, that Dr. Sulalman's "extreme limitations" were not persuasive because the doctor's treatment records showed "generally unremarkable mental status examinations." *Id.* citing Tr. 261, 265, 271. The ALJ also compared Dr. Sulalman's opinion to other opinion evidence in the record. *Id.* citing 519, 525. Therefore, Plaintiff's argument fails.

In the alternative, if an "ALJ commit[s] procedural error by failing to explain how [he or she] considered the supportability and consistency of medical opinions in

the record[,]" the Court "could affirm if a searching review of the record assures [the Court] that the substance of the [regulation] was not traversed." *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022) (quoting *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019).

A searching review of the record assures the Court that the ALJ's evaluation of Dr. Sulalman's opinion was proper and her determination—that the opinion was not persuasive—was supported by substantial evidence. As outlined here, the ALJ discussed the supportability and consistency of Dr. Sulalman's opinion and articulated her reasoning for finding the opinion "not persuasive."

ii.   **Dr. Famer**

On June 13, 2018, Dr. Farmer performed a consulting psychiatric evaluation. Tr. 517. Dr. Farmer opined that Plaintiff would have no evidence of limitation with understanding, remembering, or applying simple directions or instructions or with understanding, remembering, or applying complex directions or instructions. Tr. 519. He opined that Plaintiff had no evidence of a limitation with using reason and judgment to make work-related decisions. *Id.* Dr. Farmer opined that Plaintiff would have mild-to-moderate limitation interacting adequately with supervisors, coworkers, and the public. Tr. 519-20. He opined that Plaintiff would have a mild-to-moderate limitation regulating emotions, controlling behavior, and maintaining well-being. Tr. 520.

The ALJ found Dr. Farmer's opinion "persuasive in part." Tr. 20. The ALJ explained that the doctor "adequately supported" his opinion that Plaintiff had

moderate limitations in interacting with others by referencing Plaintiff's dysthymic affect, decreased social life, social isolation, and irritability.  *Id*.  However, the ALJ concluded that the record was "consistent with greater (mild) restrictions in understanding, remembering, and apply information and greater (moderate) restrictions in concentration and pace."  *Id*.  The ALJ reasoned that the record contained "significant evidence" of Plaintiff's ruminating and racing thoughts, crying spells, poor motivation, fatigue, and impaired focus.  *Id*.

Plaintiff argues that the ALJ's RFC determination failed to include Dr. Farmer's opinion that Plaintiff had mild-to-moderate limitations interacting adequately with supervisors and co-workers, and limitations in regulating emotions, controlling behavior, and maintaining well-being.  Dkt. 7 at 11.

As an initial matter, Plaintiff's argument assumes that a mild-to-moderate limitation is inconsistent with the basic demands of unskilled work.  However, a mild-to-moderate limitation in social interactions and regulating emotions is inherently not inconsistent with the basic mental demands of unskilled work.[5]

The Second Circuit has held that "up to moderate" limitations in work related functioning do not significantly limit and, thus, prevent a plaintiff from performing unskilled work.  *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) ("None of the clinicians who examined [plaintiff] indicated that she had anything more than

---

[5] The basic demands of unskilled work include the ability to understand, carryout, and remember simple instructions; use judgment; respond appropriately to supervision, co-workers, and usual work situations; and deal with changes in a routine work setting. 20 C.F.R. § 416.922(b)(3)-(6).

moderate limitations in her work-related functioning, and most reported less severe limitations."); *see also Valdes-Ocasio v. Kijakazi*, No. 21-3152, 2023 WL 3573761, at *1 (2d Cir. May 22, 2023) (ALJ's RFC limiting plaintiff to unskilled work with occasional interaction with public was supported in part by consultative examiner's opinion that plaintiff could perform unskilled work in a low contact setting). Therefore, Dr. Farmer's mild-to-moderate limitations do not conflict with the ALJ's RFC limiting Plaintiff to routine and repetitive tasks with additional social limitations.

Further, the ALJ's determination that Plaintiff had additional social limitations—only occasional interaction with the public—is more restrictive than Dr. Farmer's opined limitation. Here, the ALJ reasoned that Dr. Farmer's opinion was persuasive in part, as he adequately supported his finding regarding interpersonal limitations by referencing Plaintiff's occasional dysthymic affect, decreased social life, and irritability. Tr. 20 (citing Tr. 519).

The ALJ incorporated social limitations in the RFC by limiting Plaintiff's interaction with the public. Tr. 16. The ALJ considered Plaintiff's denial that she had any issues getting along with family, friends, neighbors, or others. Tr. 15 (citing Tr. 210). The ALJ explained that, although Plaintiff stated she had difficulty interacting with authority figures, she admitted that she had never lost a job because of problems with interpersonal interactions. Tr. 15 (citing Tr. 213). As the ALJ summarized, "[g]iven [Plaintiff's] testimony to irritability, social isolation, and

mood swings, she can have only occasional interaction with the public.  The totality of the evidence does not support greater restrictions." Tr. 22.

The ALJ also considered evidence of Plaintiff's ability to regulate emotions, control behavior, and maintain well-being such as Plaintiff's "ruminating and racing thoughts, crying spells, poor motivation, fatigue, and impaired focus." Tr. 20. Therefore, contrary to Plaintiff's assertion, the ALJ's RFC is not inconsistent with Dr. Farmer's opinion of mild to moderate limitations.

In sum, the ALJ properly assessed the opinion evidence in the record and her determination was supported by substantial evidence in the record.  The Court cannot set aside the Commissioner's disability determination unless the decision is based on either legal error or factual findings that are unsupported by substantial evidence.  The "substantial evidence" standard "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  "[I]t is . . . a very deferential standard of review—even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012).  In particular, it requires deference "to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).

14

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 10) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 7).  The Clerk of the Court will close this case.


SO ORDERED.


Dated:          September 14, 2023
                Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE